CV-12 0510

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y
★ FEB 02 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FEUERSTEIN, J
WALL, M.J.

| | |
|---|---|
| Steven Denicola individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc. and Midland Funding, LLC<br>Defendant. | )<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>) CLASS ACTION COMPLAINT<br>)<br>) JURY DEMANDED |

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1. Plaintiff Steven Denicola ("Plaintiff" or "Denicola or Plaintiff") files this Complaint seeking redress for the illegal practices of Defendants ("Defendants"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

**Parties**

2. Plaintiff Steven Denicola is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the

1

purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

5. Defendant Midland Credit Management, Inc. (hereinafter "MCM") is foreign corporation that is regularly engaged in the collection of debts allegedly due to others.

6. Defendant Midland Funding, LLC is a foreign entity who purchases defaulted debts and then attempts to collect the debts.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. On or about June 30, 2011 Defendants sent a letter to Plaintiff, a copy of which is attached as <u>Exhibit A</u>, in an attempt to collect a consumer debt, allegedly due. ("the debt") The full content of Exhibit A is incorporated herein.

13. In Exhibit A, includes the following paragraph:

> *\*We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. No credit reporting will occur if the federal reporting period has expired*

This paragraph is false and deceptive in that it falsely implies that the Defendants are going to report "late payments missed payments or other defaults" onto the Plaintiff's credit report. The paragraph also falsely implies that the Plaintiff's credit report will be negatively impacted by future "late payments, missed payments or other defaults."

14. Defendants did not intend to report further "late payments missed payments or other defaults" about the Plaintiff's account to the credit bureaus.

15. Defendant have not reported any further "late payments missed payments or other defaults" about the Plaintiff's account to the credit bureaus.

16. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

17. As Exhibit A appears to be a form letter, upon information and belief, Defendant sent numerous other letters to New York consumers containing the same paragraph.

## Count I

### Violations of the Fair Debt Collection Practices Act

18. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

19. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA,

including 15 U.S.C. §§1692 e, e(5), and e(10).

20. Exhibit A violated 15 U.S.C. § 1692e, e(5), and e(10), by falsely threatening to report "late payments missed payments or other defaults" about the Plaintiff's account to the credit bureaus.

### *Class Action Allegations*

21. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received a letter, (*i.e.*, the class members), with the illegal language which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

22. A class action is superior for the fair and efficient adjudication of the class members' claims.

23. Congress specifically envisions class actions as a principal means of enforcing the

4

FDCPA. *See* 15 U.S.C. § 1692k.

24. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter containing materially identical or substantially similar language as that contained in Exhibit A (d) which was not returned by the postal service as undelivered.

28. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (C)    Declaratory relief declaring that Exhibit A violates the FDCPA; and

    (D)    Any other relief this Court deems appropriate and just.

## Jury Demand

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,

_____
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

# EXHIBIT A

**MCM**
PO Box 603
Oaks, PA 19456

| MCM Account Number | |
|---|---|
| | 8540519724 |
| **Original Creditor** | |
| | CITIBANK (SOUTH DAKOTA), N.A. |
| **CURRENT BALANCE** | |
| | $1,199.98 |
| **PAYMENT DUE DATE** | |
| | 08-14-2011 |

06-30-2011

*BWNHLTH
*0000 0854 0519 7246*
STEVEN J DENICOLA
41 SPRUCE ST
ISLIP, NY 11751-3005

# NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

Dear STEVEN J DENICOLA,

Midland Funding LLC recently purchased your CITIBANK (SOUTH DAKOTA), N.A. account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 08-14-2011, we may proceed with forwarding this account to an attorney.

What do you need to do to stop this process from continuing?

1) Mail in $300.00 and call to set up your remaining payments.
2) Call us today to see how to qualify for discounts and payment plans.

LET US HELP YOU! If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: (800) 265-8825.

Sincerely,

Recovery Department
Midland Credit Management, Inc.
(800) 265-8825

For ease and convenience, make payments online and view additional offers at: www.midlandcreditonline.com

**BENEFITS OF PAYING!**

➤ This may be your last chance to work with us before the account goes to an attorney.

➤ No additional interest will be charged to your account.

➤ Get rid of this debt and get on with your life.

*Once your account is paid,*

➤ All collection calls and letters on this account will stop!

➤ We will notify the credit bureaus the debt is PAID IN FULL.*

**CALL US TODAY!**
**(800) 265-8825**

Hours of Operation:
M-Th 6am - 7:30pm MST
Fri 6am - 5pm;
Sat 6am - 11am;

NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

**Important Disclosure Information**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

The records associated with the purchase from CITIBANK (SOUTH DAKOTA), N.A. reflect that you are obligated on this account, which is in default. As of the date of this letter, you owe $1,199.96. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 265-8825. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

*We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. No credit reporting will occur if the federal reporting period has expired.

---

Please send any correspondence relating to any credit reporting* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT REPORTING OF YOUR ACCOUNT.

New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728.

**MAIL PAYMENTS TO**: P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO**: MCM's business address at
8875 Aero Drive, Suite 200, San Diego, CA 92123

TOTAL P.002